IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

FILED
OCT -6 2014
CLERK, U.S. DISTRICT COURT
RICHMOND, VA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal No. 3:10CR221–HEH |
| ) | |
| CARL ARMSTEAD JEFFERSON, ) | |
| ) | |
| Petitioner. ) | |

## MEMORANDUM OPINION
(Denying 28 U.S.C. § 2255 Motion)

Carl Jefferson, a federal inmate proceeding *pro se*, filed this motion under 28 U.S.C. § 2255 ("§ 2255 Motion," ECF No. 45) to vacate, set aside, or correct his sentence. In his § 2255 Motion, Jefferson demands relief upon the following grounds:[1]

Claim One  Jefferson failed to receive the effective assistance of counsel, as counsel failed to argue that the "case should not have enter[ed] the Federal courts . . . because the officer [who inventoried the crack cocaine] was under a criminal indictment . . . ."[2] (§ 2255 Mot. 7.)[3]

Claim Two  "The judicial proceeding was poison from the start, and no traditional 'law' was appl[ied.]" (*Id.* at 8.)

---

[1] The Court has corrected the capitalization in the quotations from Jefferson's submissions.

[2] Jefferson's claims revolve around the fact that the police officer who inventoried Jefferson's bags of cocaine base, Officer Wise, was later forced to resign because he embezzled money from a softball team. Officer Wise was not one of the arresting officers. Jefferson's ineffective assistance of counsel claim appears to allege that had the grand jury known about Officer Wise's conviction, it would have not indicted Jefferson.

[3] In citations to court filings, the Court employs the pagination automatically assigned by the CM/ECF system.

Claim Three Jefferson's "Sixth Amendment[4] right was violated, [as] he was not giv[en] a[n] opportunity to confront witnesses against him (Officer Wise) . . . ." (*Id.* at 10 (internal quotation marks omitted).)

The United States has responded. (ECF No. 48.) The matter is ripe for judgment.

## I. Procedural History

On August 3, 2010, a grand jury charged Jefferson with possession with intent to distribute cocaine base (Count One) and possession of a firearm by a convicted felon (Count Two). (Indictment, ECF No. 1.) The jury convicted Jefferson of both counts charged in the Indictment. (Jury Verdict 1, ECF No. 24.) The Court sentenced Jefferson to 48 months of imprisonment. (J. 2, ECF No. 33.)

Jefferson appealed. The United States Court of Appeals for the Fourth Circuit rejected Jefferson's argument that this Court "erred by admitting evidence of the cocaine base when the chain of custody was not established." *United States v. Jefferson*, 446 F. App'x 553, 554 (4th Cir. 2011). The Fourth Circuit affirmed Jefferson's conviction. *Id.* at 555.

## II. Claim One: Alleged Ineffective Assistance of Counsel

To demonstrate ineffective assistance of counsel, a convicted defendant must show first, that counsel's representation was deficient and second, that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To satisfy the deficient performance prong of *Strickland*, a convicted defendant must overcome the "'strong presumption' that counsel's strategy and tactics fall 'within

---

[4] "In all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him . . . ." U.S. Const. amend. VI.

2

the wide range of reasonable professional assistance.'" *Burch v. Corcoran*, 273 F.3d 577, 588 (4th Cir. 2001) (quoting *Strickland*, 466 U.S. at 689). The prejudice component requires a convicted defendant to "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. In analyzing ineffective assistance of counsel claims, it is not necessary to determine whether counsel performed deficiently if the claim is readily dismissed for lack of prejudice. *Id.* at 697.

Jefferson asserts that if the grand jury had been informed of Officer Wise's embezzlement conviction,[5] it would not have found probable cause to indict. In Claim One, Jefferson faults counsel for failing to pursue this argument. Jefferson's claim fails for a number of reasons. At the time of Jefferson's grand jury indictment, he was not represented by counsel, but even after counsel was appointed, there were no grounds to challenge the failure or inability to present evidence to the grand jury. First, the accused has no right to be informed of, or be present at, grand jury proceedings, *see* Fed. R. Crim. P. 6(d)(1), much less present his own evidence to the grand jury. Moreover, a defendant may not challenge an indictment "'on the ground that there was inadequate or incompetent evidence before the grand jury.'" *United States v. Williams*, 504 U.S. 36, 54 (1992) (quoting *Costello v. United States*, 350 U.S. 359, 363–64 (1956)). Because Jefferson has failed to demonstrate deficiency or prejudice, Claim One will be dismissed.

---

[5] The Government acknowledges that Officer Wise was, in fact, convicted and forced to resign from the police force for embezzlement. (Resp. 8.)

### III. Claim Two

Jefferson's second claim is that "[t]he judicial proceeding was poison from the start, and no traditional 'law' was appl[ied.]" (§ 2255 Mot. 8.) This conclusory allegation fails to state a legal claim for relief. *Sanders v. United States*, 373 U.S. 1, 19 (1963) (finding denial of habeas action appropriate where the action "stated only bald legal conclusions with no supporting factual allegations"). Claim Two will be dismissed.

### IV. Claim Three: Confrontation Clause

Jefferson finally claims that his Sixth Amendment right to confront the Government's witnesses against him was violated. He bases this argument on the fact that the Government did not call Officer Wise as a witness, and therefore Jefferson had no opportunity to cross-examine him, presumably about his forced resignation from the police force. The Sixth Amendment does not guarantee a defendant the right to cross-examine any individual who may have been involved in his arrest – it guarantees the right to confront the government's witnesses against him. U.S. Const. amend. VI; *Crawford v. Washington*, 541 U.S. 36, 50–51 (2004). The Government did not call Officer Wise as a witness, nor did it seek to introduce any testimonial statements made by Officer Wise. Moreover, the Government was not required to call Officer Wise. *Melendez-Diaz v. Massachusetts*, 557 U.S. 305, 311 n.1 (2009) ("[I]t is not the case, that anyone whose testimony may be relevant in establishing the chain of custody . . . must appear in person as part of the prosecution's case [to satisfy the Sixth Amendment].") Therefore, Jefferson had no right to cross-examine him, and no Sixth Amendment violation occurred. Accordingly, Claim Three will be dismissed.

4

## V. Requests to Supplement

On September 13, 2013, the Court received from Jefferson a document requesting permission to supplement his § 2255 Motion (ECF No. 54). This filing, however, did not contain any proposed claims, and therefore will be denied.

On October 1, 2013, the Court received from Jefferson a "Motion to Supplement ... Presented Issue(s)" (ECF No. 55, at 2), adding two additional claims to his § 2255 Motion ("Motion to Amend"). "Under Rule 15(a) leave to amend shall be given freely, absent bad faith, undue prejudice to the opposing party, or futility of amendment." *United States v. Pittman*, 209 F.3d 314, 317 (4th Cir. 2000) (citations omitted). The Court appropriately denies as futile leave to amend when the statute of limitations bars the new claims. *See Ingram v. Buckingham Corr. Ctr.*, No. 3:09CV831, 2011 WL 1792460, at *1 (E.D. Va. May 5, 2011). As discussed below, the statute of limitations bars Jefferson's claims in his Motion to Amend.

### A. Statute of Limitations

Section 101 of the Antiterrorism and Effective Death Penalty Act ("AEDPA") amended 28 U.S.C. § 2255 to establish a one-year period of limitation for the filing of a § 2255 Motion. Specifically, 28 U.S.C. § 2255(f) now reads:

> **(f)** A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
>
>     **(1)** the date on which the judgment of conviction becomes final;
>
>     **(2)** the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if

>   the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Jefferson's conviction became final on Monday, December 12, 2011, the last day upon which he could file a petition for a writ of certiorari with the Supreme Court. *See* 28 U.S.C. § 2255(f)(1). Jefferson then had one year, or until Wednesday, December 12, 2012, to file a motion pursuant to 28 U.S.C. § 2255. 28 U.S.C. § 2255(f).

On March 25, 2012, Jefferson filed his § 2255 Motion within the statute of limitations. (§ 2255 Mot. 17.)[6] Jefferson filed his Motion to Amend on September 30, 2013. (Mot. Amend 3.) Because Jefferson failed to file his Motion to Amend within the one-year limit, the statute of limitations bars the proposed amended claims unless Jefferson demonstrates: entitlement to a belated commencement of the limitations period under 28 U.S.C. § 2255(f)(2)–(4); entitlement to equitable tolling, *see United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004) (quoting *Rouse v. Lee*, 339 F.3d 238, 246 (4th

---

[6] The Court deems an inmate's motion filed on the date it is handed to prison staff for mailing. *Houston v. Lack*, 487 U.S. 266, 276 (1988). Because Jefferson did not include a date in his motion, this date refers to the processing date marked on the envelope by the prison's mail unit.

6

Cir. 2003)); or, that the new claims relate back to the claims in the § 2255 Motion, *see Pittman*, 209 F.3d at 317.

### B. Belated Commencement and Equitable Tolling

Jefferson provides no argument for belated commencement or equitable tolling. Instead, Jefferson simply provides argument for his new claims of ineffective assistance of counsel and insufficient evidence. Jefferson's new claims are as follows:

Claim Four   Jefferson failed to receive the effective assistance of counsel, as counsel failed to file a motion to suppress the cocaine on Fourth Amendment grounds. (Mot. Amend 2.)

Claim Five   The evidence was insufficient to support the charge of possession with intent to distribute. (*Id.* at 3.)

Jefferson fails to provide any argument as to why, acting with due diligence, he could not have discovered the facts supporting these claims within the one-year limitations period. Moreover, neither Jefferson nor the record suggests circumstances that warrant equitable tolling. Because Jefferson fails to demonstrate any meritorious grounds for belated commencement or equitable tolling, the statute of limitations bars the amended claims unless the claims relate back to a claim in the original § 2255 Motion.

### C. Relation Back

Courts apply Rule 15 of the Federal Rules of Civil Procedure to motions to amend in a § 2255 case. *Pittman*, 209 F.3d at 317. Rule 15 allows for amendments to the § 2255 motion filed after the one-year statute of limitations, provided the amendment relates back to the original timely filed motion. A claim relates back if it "arose out of

7

the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." Fed. R. Civ. P. 15(c)(1)(B).

An amended claim "does not relate back (and thereby escape AEDPA's one-year time limit) when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth." *Mayle v. Felix*, 545 U.S. 644, 650 (2005). In this regard, it is not sufficient that the new claim simply "has the same form as the original claims," if the new claim "arises out of wholly different conduct." *Pittman*, 209 F.3d at 318. Thus, "a petitioner does not satisfy the Rule 15 'relation back' standard merely by raising some type of ineffective assistance in the original petition, and then amending the petition to assert another ineffective assistance claim based upon an entirely distinct type of attorney misfeasance." *United States v. Ciampi*, 419 F.3d 20, 24 (1st Cir. 2005) (citing *Davenport v. United States*, 217 F.3d 1341, 1346 (11th Cir. 2000); *United States v. Duffus*, 174 F.3d 333, 337 (3d Cir. 1999)).

As explained below, Claims Four and Five fail to relate back to the Claims in the § 2255 Motion. In his original § 2255 Motion, in Claim One, Jefferson raised one claim of ineffective assistance of counsel, but failed to allege any ineffective assistance claim pertaining to counsel's failure to file a suppression motion. Claim One concerned counsel's failure to challenge the fact that the grand jury was unaware that Officer Wise, who inventoried the Jefferson's bags of cocaine base, was later convicted for embezzlement. In Claim Four, Jefferson alleges that "the *Terry* stop was illegal," and therefore any evidence recovered after the stop (specifically, the cocaine base) ought to be inadmissible. (Mot. Amend 2.) Thus, Claim Four fails to relate back to Jefferson's

8

original claims because it "arise[s] from separate occurrences of 'both time and type.'" *Pittman*, 209 F.3d at 318 (quoting *United States v. Craycraft*, 167 F.3d 451, 457 (8th Cir. 1999)); *United States v. Hernandez*, 436 F.3d 851, 857–58 (6th Cir. 2006).

Jefferson did not raise any claims regarding sufficiency of the evidence in his initial § 2255 Motion. Therefore, Claim Five fails to relate back. Because both Claims Four and Five fail to relate back to Jefferson's claims from his § 2255 Motion, the Motion to Amend (ECF No. 55) will be denied.

## VI. Motions to Dismiss and Reinstate

Jefferson filed his § 2255 Motion on March 29, 2012 and the Government filed its Response on June 11, 2012 (ECF No. 48). On July 6, 2012, Jefferson filed a Motion for Voluntary Dismissal of Motion to Vacate, Set Aside, or Correct Sentence ("Motion for Voluntary Dismissal," ECF No. 49). On April 9, 2013, he filed a Motion to Reinstate § 2255 Motion ("Motion to Reinstate," ECF No. 53). To voluntarily dismiss a claim after the opposing party has responded, a petitioner must file a stipulation to dismissal signed by all parties that have appeared before the Court. *See* Fed. R. Civ. P. 41(a)(1)(A)(ii). No such stipulation was filed. Accordingly, the Motion for Voluntary Dismissal (ECF No. 49), along with the Motion to Reinstate (ECF No. 53), will be denied.

## VII. Motion to Comply

On July 29, 2014, Jefferson filed a "Motion to Comply, Pursuant to Section 28 U.S.C. § 2255, Rule 3, and Rule 4" ("Motion to Comply," ECF No. 67), in which he requests that the Court order the Government to file a response to his § 2255 Motion.

(Mot. to Comply 3.) As noted above, the Government filed its Response on June 11, 2012. Accordingly, Jefferson's Motion to Comply (ECF No. 67) will be denied.

## VIII. Conclusion

The § 2255 Motion (ECF No. 45) will be denied. Jefferson's Motion to Supplement (ECF No. 54) and Motion to Amend (ECF No. 55) will be denied as futile. The Motion for Voluntary Dismissal (ECF No. 49), Motion to Reinstate (ECF No. 53), and Motion to Comply (ECF No. 67) will be denied. The action will be dismissed.

An appeal may not be taken from the final order in a § 2255 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(B). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)). Jefferson has not satisfied this standard. A certificate of appealability will be denied.

An appropriate Final Order will follow.

/s/
HENRY E. HUDSON
UNITED STATES DISTRICT JUDGE

Date: Oct. 6, 2014
Richmond, Virginia